David M. Schwartz (DS9776)
Gerstman, Schwartz & Malito, LLP
1399 Franklin Ave., Suite 200
Garden City, New York 11530
(516) 880-8170

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   **14-CV-6029**

MARK W. FULLERTON,

                Plaintiff,

      -against-

THE CITY OF NEW YORK; MICHAEL FITZGIBBON,
a New York City Police Officer; and JOHN DOE,
an unidentified New York City Police
Officer,

              Defendants.
------------------------------------------------------------------------X

                **VERIFIED COMPLAINT**

                **PLAINTIFF DEMANDS A
                TRIAL BY JURY**

      Plaintiff Mark W. Fullerton (hereinafter referred to as "Plaintiff"), by his attorneys,

GERSTMAN, SCHWARTZ & MALITO, LLP, complaining of defendants, The City of New York;

Michael Fitzgibbon, a New York City Police Officer; and John Doe, an unidentified New York

City Police Officer (hereinafter collectively referred to as "Defendants"), sets forth and alleges as

follows:

## PRELIMINARY STATEMENT

      This is an action by Plaintiff for civil rights violations, violations of federal statutes,

violations of the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States

Constitution, violations of the New York State Constitution, assault, battery, false arrest, false

imprisonment, negligence, and negligent and intentional infliction of emotional distress by

1

Defendants. As set forth in detail below, on July 16, 2013, members of the New York City Police Department egregiously and viciously violated the most fundamental civil and constitutional rights of Plaintiff Mark W. Fullerton. On the morning of July 16, 2013, Mr. Fullerton and a coworker were detained by Defendant Michael Fitzgibbon, a uniformed New York City Police Department (hereinafter "NYPD") officer near the intersection of North Conduit Avenue and Springfield Boulevard in the County of Queens, State of New York. Mr. Fullerton complied with Defendant Fitzgibbon's request that Mr. Fullerton produce his driver's license. While Mr. Fullerton was attempting to retrieve his vehicle registration from the passenger's side door of his truck at Defendant Fitzgibbon's instruction, Officer Fitzgibbon, without warning and for no apparent reason, began to shout and curse at Mr. Fullerton in a loud and irate manner.

While Mr. Fullerton was attempting to enter his vehicle through the driver's side door at Defendant Fitzgibbon's repeated and irate instruction, Defendant Fitzgibbon slammed the driver's side door on Mr. Fullerton's left leg above the ankle and continued to push on the door, pinning and trapping Mr. Fullerton's left leg and causing Mr. Fullerton excruciating pain. As soon as Mr. Fullerton freed his left leg and seated himself in the driver's seat of his truck, he was immediately sprayed with mace directly in the face by Defendant Fitzgibbon. Immediately after spraying Mr. Fullerton with mace, Defendant Fitzgibbon punched Mr. Fullerton twice in the head and in Mr. Fullerton's left arm. Next, Defendant Fitzgibbon pulled out his gun, pointed it directly at Mr. Fullerton and began to shout repeatedly in an irate and threatening manner that he would "kill" Mr. Fullerton and his passenger, Mr. Webber. In making these repeated and irate threats, Defendant Fitzgibbon repeatedly used obscene language and racial slurs (both Mr. Fullerton and Mr. Webber are African American), including but not limited to shouting that he would "kill you

2

m*****f*****s" and "kill you n*****s".

Mr. Fullerton, fearing that Defendant Fitzgibbon would in fact shoot and kill him and Mr. Webber, drove immediately and directly to the 113th NYPD Police Precinct located at 167-02 Baisley Boulevard, Jamaica, New York 11434, with the intention of reporting the actions of Defendant Fitzgibbon. However, before Mr. Fullerton was able to finish reporting the incident to police officers at the 113th Precinct, Mr. Fullerton was arrested, placed in a holding cell and denied medical attention for several hours, despite the fact that Mr. Fullerton requested immediate medical attention and informed multiple police officers that he was experiencing severe pain in his head, left arm, left leg and eyes as a result of the assault committed against him by Defendant Fitzgibbon. Mr. Fullerton was also subjected to verbal abuse by officers at the 113th Precinct. While Mr. Fullerton was attempting to explain the incident and that he needed medical attention, one police officer told Mr. Fullerton to "shut the f*** up" and that "we're not going to listen to you."

## PARTIES

1.      Plaintiff Mark W. Fullerton is an individual residing at 125A Hull Street, Brooklyn, New York 11233.

2.      Defendant City of New York is a city incorporated under the laws of the State of New York which operates and employs all officers of the NYPD.

3.      Defendant Michael Fitzgibbon was and is a police officer of the NYPD, Tax ID Number 943240, and is named in his individual and official capacities.

4.      Defendant John Doe was and is a police officer of the NYPD whose full identity is not presently known to Plaintiff but who participated in the events described herein as set forth below, and is named in his individual and official capacities.

3

## JURISDICTION AND VENUE

5.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

6.       This Court has subject matter jurisdiction under 28 U.S.C. § 1331, on the basis of there being federal questions relating to the United States Constitution.

7.       This Court has subject matter jurisdiction under 28 U.S.C. § 1331, on the basis of there being federal questions relating to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986.

8.       This Court has supplemental jurisdiction over all state law claims.

9.       Venue is appropriate because the events that gave rise to this complaint occurred within the district boundaries of this Court, because Defendant City of New York is a city largely within the district boundaries of this Court, and because all of the remaining defendants are employed by the City of New York and thus there is a high probability that all remaining defendants live in or near this Court's district boundaries.

## NOTICE OF CLAIM

10.       Plaintiff, in furtherance of his causes of action as stated herein, filed timely Notice of Claim (Claim Number 2013PI026979) on October 15, 2013 against the City in compliance with General Municipal Law Section 50.

11.       More than thirty (30) days have elapsed since service of said Notice of Claim, and the City has failed to pay or adjust said claim.

12.    A 50-h examination of Plaintiff was held in advance of commencing this lawsuit on or about March 24, 2014.

13.    This action has been commenced within one year and ninety days after the events giving rise to this complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.    On July 16, 2013, members of the New York City Police Department egregiously and viciously violated the most fundamental civil and constitutional rights of Plaintiff.

15.    On the morning of July 16, 2013, at approximately 9:45 a.m., Plaintiff was driving his green 2005 Toyota Tundra pickup truck at the northwest intersection of North Conduit Avenue and Springfield Boulevard, County of Queens, State of New York.

16.    Plaintiff's coworker and fellow construction worker, Michael Webber, was in the passenger seat of Plaintiff's truck.

17.    Plaintiff made a right turn, westbound, onto North Conduit Avenue. Shortly after passing the entrance to a Shell gas station on the right-hand side of North Conduit Avenue, Plaintiff voluntarily stopped his truck in front of the Shell gas station on the right-hand shoulder of North Conduit Avenue in order to adjust and/or tighten a strap that was holding some wood purchased from the Home Depot in the bed of his truck.

18.    After stopping his truck, Plaintiff exited the truck from the driver's side, walked to the rear of the truck and tightened the strap holding the wood on the driver's side.

19.    At this time, Plaintiff saw Defendant Fitzgibbon (Tax ID No. 943240), a uniformed NYPD police officer of the 113th Precinct, approaching his truck.

20.     Defendant Fitzgibbon requested Plaintiff's driver's license.

21.     Plaintiff gave Defendant Fitzgibbon his driver's license out of his pocket.

22.     Defendant Fitzgibbon inspected Plaintiff's license and subsequently requested his vehicle registration.

23.     Plaintiff informed Defendant Fitzgibbon that his vehicle registration was in the passenger's side door of his truck.

24.     Defendant Fitzgibbon consented to let Plaintiff get his registration from the passenger's side door of his truck.

25.     As Defendant Fitzgibbon was inspecting Plaintiff's driver's license, Plaintiff walked around the rear of his truck to the passenger's side door to get his registration, as Defendant Fitzgibbon had instructed him to do.

26.     While Plaintiff was in the process of retrieving his registration from the passenger's side door, Defendant Fitzgibbon, without giving any prior instruction since telling Plaintiff to get his registration from the passenger's side door of his truck, began shouting repeatedly in a loud and irate manner for Mr. Fullerton to "get in the vehicle".

27.     Defendant Fitzgibbon cursed at Plaintiff, shouting repeatedly for him to "get the f*** in the vehicle".

28.     Plaintiff's passenger, Michael Webber, occupying the passenger seat, Plaintiff had no choice but to enter his truck through the driver's side door. Accordingly, Plaintiff heeded Defendant Fitzgibbon's repeated instruction by walking around the front of his truck to the driver's side door.

29.     Upon reaching the driver's side door, Plaintiff opened the door and began to enter his truck, as Defendant Fitzgibbon had repeatedly demanded.

30.     As Plaintiff was entering his truck, Defendant Fitzgibbon slammed the driver's side door on Plaintiff's left leg above the ankle.

31.     After slamming the door on Plaintiff's left leg, Defendant Fitzgibbon continued to push on the door, pinning and trapping Plaintiff's left leg and causing Plaintiff excruciating and continuing pain.

32.     Plaintiff's right arm was on the steering wheel of the truck. Plaintiff used his left arm to push the driver's side door open just enough to free his trapped left leg.

33.     At no point did Plaintiff make any physical contact of any kind whatsoever with any part of Defendant Fitzgibbon's body.

34.     After freeing his left leg, Plaintiff was able to get fully inside his truck and seated himself in the driver's seat.

35.     As soon as Plaintiff freed his left leg and seated himself in the driver's seat of his truck, he was immediately sprayed with mace directly in the face by Defendant Fitzgibbon through the open window of the driver's side door.

36.     Immediately after spraying Plaintiff with mace, Defendant Fitzgibbon punched Plaintiff twice in the head and in Plaintiff's left arm.

37.     Next, Defendant Fitzgibbon pulled out his gun, pointed it directly at Plaintiff and began to shout repeatedly in an irate and threatening manner that he would "kill" Plaintiff and his passenger, Mr. Webber.

7

38.     In making these repeated and irate threats, Defendant Fitzgibbon repeatedly used obscene language and racial slurs against Plaintiff and his passenger (both Mr. Fullerton and Mr. Webber are African American), including but not limited to shouting that he would "kill you m*****f*****s" and "kill you n*****s".

39.     Upon seeing Defendant Fitzgibbon point his gun at Plaintiff and threaten to "kill" both Plaintiff and Mr. Webber, Mr. Webber picked up Plaintiff's cellular phone, pointed it at Defendant Fitzgibbon and said, "I'm filming (this)".

40.     Plaintiff's phone did not in fact capture any photographic or video evidence of the incident or of Defendant Fitzgibbon's actions.

41.     However, Mr. Webber's statement that he was "filming" with Plaintiff's phone did cause Defendant Fitzgibbon to holster his gun and back away from Plaintiff's truck.

42.     Plaintiff, fearing that Defendant Fitzgibbon would in fact shoot and kill him and Mr. Webber, took the opportunity to drive his truck away from Defendant Fitzgibbon.

43.     Since Defendant Fitzgibbon had backed away from Plaintiff's truck, Defendant Fitzgibbon was not harmed or endangered in any way or manner whatsoever by Plaintiff driving his truck away from the scene of the incident.

44.     At no point did Defendant Fitzgibbon tell Plaintiff to stop anything that Plaintiff was doing.

45.     At no point did Defendant Fitzgibbon tell Plaintiff that he was under arrest.

46.     At no point did Defendant Fitzgibbon read Plaintiff his Miranda rights.

47. At no point did Defendant Fitzgibbon give Plaintiff any warning or instruction whatsoever, other than Defendant Fitzgibbon's initial request that Plaintiff produce his driver's license and registration.

48. Plaintiff drove immediately and directly to the 113th N.Y.P.D. Police Precinct located at 167-02 Baisley Boulevard, Jamaica, New York 11434, with the intention of reporting the incident and the actions of Defendant Fitzgibbon.

49. Upon arriving at the 113th Precinct, Plaintiff and Mr. Webber entered the precinct, and Plaintiff began reporting the incident and Defendant Fitzgibbon's actions to NYPD Sergeant Deonarinesingh (Tax ID No. 936470) of the 113th Precinct.

50. Before Plaintiff was able to finish reporting the incident to Sgt. Deonarinesingh, Plaintiff and Sgt. Deonarinesingh heard a call over the police radio regarding the incident.

51. Plaintiff confirmed that he was involved in the incident reported in the call that came over the police radio.

52. At that time, Sgt. Deonarinesingh informed Plaintiff that he could not continue taking Plaintiff's statement and instead had to arrest Plaintiff immediately.

53. Sgt. Deonarinesingh did arrest and handcuff Plaintiff at that time but did not read Plaintiff his Miranda rights.

54. At that time, Mr. Webber asked why Plaintiff was being arrested and confirmed Defendant Fitzgibbon's actions.

55. Plaintiff informed Sgt. Deonarinesingh that he was experiencing severe pain in his head, left arm, left leg and eyes as a result of the assault committed against him by Defendant

Fitzgibbon and that he needed immediate medical attention.

56.     Plaintiff was placed in the back of a police car which began to transport him to a hospital.

57.     On the way to the hospital, Plaintiff heard a call over the police radio in which the unidentified NYPD officer who was driving the vehicle was instructed not to take Plaintiff to a hospital but to instead return Plaintiff to the 113th Precinct immediately.

58.     Plaintiff was immediately brought back to the 113th Precinct.

59.     Upon being brought back to the 113th Precinct, Plaintiff overheard unidentified NYPD police officers say that the reason Plaintiff was brought back was to allow Defendant Fitzgibbon to go to a hospital first, because it would "look better".

60.     After being brought back to the 113th Precinct, Plaintiff was placed in a holding cell and denied medical attention for approximately three (3) hours.

61.     During this time, Plaintiff was forced to endure severe and continued pain to his eyes, head, left arm and left leg as a result of the assault committed against him by Defendant Fitzgibbon.

62.     Plaintiff was also forced to endure severe and continued psychological and emotional distress and trauma as a result of his experience with Defendant Fitzgibbon, the actions and death threats of Defendant Fitzgibbon and the callous and continued refusal of the NYPD 113th Precinct to provide him with any medical assistance for his injuries.

63.     Plaintiff was also subjected to severe verbal abuse by unidentified NYPD officers at the 113th Precinct.

10

64.     While Plaintiff was attempting to explain the incident and that he needed medical attention, one unidentified NYPD police officer told Plaintiff to "shut the f*** up" and that "we're not going to listen to you."

65.     At approximately 1 p.m., Plaintiff was finally taken to Jamaica Hospital Medical Center in Jamaica, NY, where he received treatment for his injuries.

66.     At approximately 4:30 p.m., Plaintiff was released from the hospital and immediately brought back to the 113th Precinct.

67.     At approximately 9 p.m., Plaintiff was told by NYPD Detective Barry Brown (Tax ID No. 911490) of the 113th Precinct that Detective Brown was the investigating officer assigned to investigate the incident involving Plaintiff and Defendant Fitzgibbon.

68.     At approximately this time, an unidentified NYPD police officer asked Plaintiff if he would like to make a statement.

69.     Plaintiff responded that he would not make a statement without an attorney present.

70.     Shortly thereafter, NYPD Detective Barry Brown conducted a lineup that included Plaintiff.

71.     In the lineup that included Plaintiff, Defendant Fitzgibbon twice failed to identify Plaintiff in the lineup.

72.     After the lineup, Plaintiff was placed in a holding cell on the second floor of the 113th Precinct.

73.     Plaintiff was never read his Miranda rights at any point.

74.     Plaintiff was never advised that he had a right to an attorney.

75.     Upon information and belief, surveillance video was taken by an unidentified NYPD police officer or officers from the Shell gas station at the northwest intersection of North Conduit Avenue and Springfield Boulevard, County of Queens, State of New York.

76.     The content of said surveillance video is unknown to Plaintiff and has not been disclosed to Plaintiff.

77.     Defendant Fitzgibbon, as the complainant, wrongfully caused a criminal complaint to be filed against Plaintiff.

78.     Said criminal complaint resulted in a wrongful prosecution of criminal charges against Plaintiff in Queens County Criminal Court.

79.     In said criminal complaint, Defendant Fitzgibbon, as the complainant, wrongfully alleged that, on July 16, 2013, Plaintiff screamed at Defendant Fitzgibbon and repeatedly refused to heed Defendant Fitzgibbon's commands for Plaintiff to re-enter Plaintiff's vehicle.

80.     In said criminal complaint, Defendant Fitzgibbon wrongfully alleged that Plaintiff shoved Defendant Fitzgibbon in his face and kicked Defendant Fitzgibbon in his ribs.

81.     In said criminal complaint, Defendant Fitzgibbon wrongfully alleged that Plaintiff grabbed Defendant Fitzgibbon by his arm and proceeded to drive his vehicle on North Conduit Avenue with the driver's side door ajar while holding onto Defendant Fitzgibbon's arm.

82.     In said criminal complaint, Defendant Fitzgibbon wrongfully alleged that he was dragged alongside of Plaintiff's vehicle for several feet while traveling at speeds of approximately thirty (30) miles per hour.

83.     In said criminal complaint, Defendant Fitzgibbon wrongfully alleged that he rolled across three lanes of traffic on North Conduit Avenue.

84.     Defendant Fitzgibbon knowingly made the abovementioned false allegations against Plaintiff and caused a criminal complaint to be filed against Plaintiff (paragraphs 77-83 above) with the malicious intention of wrongfully diverting blame onto Plaintiff for Defendant Fitzgibbon's gross acts of misconduct as described herein, and with the intention of initiating a wrongful prosecution against Plaintiff.

### FIRST CAUSE OF ACTION
**(For Violation of 42 U.S.C. § 1981 by Defendants)**

85.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "84" as if more fully set forth herein at length.

86.     The above actions and omissions of Defendants constitute violations of Title 42 U.S.C. § 1981.

87.     Defendant Fitzgibbon, under color of law, initiated contact with Plaintiff based solely on Plaintiff's race.

88.     Defendant Fitzgibbon, under color of law, shouted at Plaintiff in a loud and irate manner based solely on Plaintiff's race.

89.     Defendant Fitzgibbon, under color of law, slammed the driver's side door of Plaintiff's truck on Plaintiff's left leg based solely on Plaintiff's race.

90.     Defendant Fitzgibbon, under color of law, sprayed mace directly in Plaintiff's face based solely on Plaintiff's race.

91.     Defendant Fitzgibbon, under color of law, punched Plaintiff twice in the head and in Plaintiff's left arm based solely on Plaintiff's race.

92.     Defendant Fitzgibbon, under color of law, pulled out his gun, pointed it directly at Plaintiff and threatened to "kill" Plaintiff, and his passenger, Mr. Webber, based solely on their race.

93.     Defendant Fitzgibbon, under color of law, repeatedly used obscene language and racial slurs against Plaintiff and Plaintiff's passenger, including but not limited to shouting that he would "kill you m*****f*****s" and "kill you n*****s", based solely on their race.

94.     The above actions by the named and unidentified NYPD police officers in, inter alia, wrongfully and unlawfully detaining, arresting and verbally and psychologically abusing Plaintiff, and in denying Plaintiff medical care, under color of law, over the course of more than three (3) hours, demonstrate that this was not simply a case of an officer or officers failing to use good judgment, but instead an institutional failure by the NYPD and Defendant City of New York to properly train NYPD police officers as to the duties and requirements of their positions.

95.     Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

96.     The above actions by Defendants constitute violations and infringement on the security of Plaintiff's person, within the meaning of Title 42 U.S.C. § 1981.

14

## SECOND CAUSE OF ACTION
### (For Violation of 42 U.S.C. § 1983 by Defendants)

97.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "96" as if more fully set forth herein at length.

98.     The above actions and omissions of Defendants constitute violations of Title 42 U.S.C. § 1983.

99.     Defendant Fitzgibbon, under color of law, initiated contact with Plaintiff without any articulable reason permitted by the U.S. Constitution and/or federal law.

100.    Defendant Fitzgibbon, under color of law, used excessive force against Plaintiff, including slamming the driver's side door of Plaintiff's truck on Plaintiff's left leg, spraying Plaintiff directly in the face with mace and punching Plaintiff twice in the head and in Plaintiff's left arm, without any articulable reason permitted by the U.S. Constitution and/or federal law.

101.    Defendant Fitzgibbon, under color of law, pulled out his gun, pointed it directly at Plaintiff and threatened to "kill" Plaintiff and his passenger, Mr. Webber, without any articulable reason permitted by the U.S. Constitution and/or federal law.

102.    Defendant Fitzgibbon, under color of law, repeatedly used obscene language and racial slurs against Plaintiff and Plaintiff's passenger, including but not limited to shouting that he would "kill you m*****f*****s" and "kill you n*****s", without any articulable reason permitted by the U.S. Constitution and/or federal law.

103.    The named and unidentified NYPD police officers described herein, under color of law, wrongfully and unlawfully detained, arrested and verbally and psychologically abused Plaintiff, and denied Plaintiff medical care, over the course of more than three (3) hours, without

15

any articulable reason permitted by the U.S. Constitution and/or federal law.

104.    Defendant Fitzgibbon, under color of law, knowingly made false allegations against Plaintiff and caused a criminal complaint to be filed against Plaintiff with the malicious intention of wrongfully diverting blame onto Plaintiff for Defendant Fitzgibbon's gross acts of misconduct as described herein, and with the intention of initiating a wrongful prosecution against Plaintiff.

105.    Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

106.    The above actions by Defendants constitute deprivations of Plaintiff's rights, privileges and immunities, within the meaning of Title 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
### (For Violation of 42 U.S.C. § 1985 by Defendants)

107.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "106" as if more fully set forth herein at length.

108.    The above actions and omissions of Defendants constitute violations of Title 42 U.S.C. § 1985.

109.    Defendants, under color of law, conspired with each other to engage in a course of conduct to intimidate, threaten, injure and oppress Plaintiff in the free exercise and enjoyment of the rights, privileges and equal protection of the law secured to Plaintiff by the Constitution of the United States.

110. Defendants' conduct in conspiring to intimidate, threaten, injure and oppress Plaintiff was motivated by racial animus.

111. Defendants' racial animus was expressed in racially insulting remarks made toward Plaintiff and Plaintiff's passenger, including but not limited to Defendant Fitzgibbon shouting toward Plaintiff and Plaintiff's passenger that he would "kill you m*****f*****s" and "kill you n*****s".

112. In furtherance of the conspiracy, and to conceal the wrongful and unlawful conduct by Defendants, Defendants intentionally prevented Plaintiff from reporting the actions of Defendant Fitzgibbon, denied Plaintiff medical care for his injuries so that Defendant Fitzgibbon could go to a hospital before Plaintiff, and otherwise engaged in a course of conduct to cover up the misconduct of Defendants and intimidate, threaten and prevent Plaintiff from exercising his Constitutional right to report the misconduct committed against him by Defendants.

113. In furtherance of the conspiracy, Defendant Fitzgibbon, under color of law, knowingly made false allegations against Plaintiff and caused a criminal complaint to be filed against Plaintiff with the malicious intention of wrongfully diverting blame onto Plaintiff for Defendant Fitzgibbon's gross acts of misconduct as described herein, and with the intention of initiating a wrongful prosecution against Plaintiff.

114. The above actions by Defendants constitute a conspiracy by Defendants to deprive Plaintiff of the free exercise and enjoyment of the rights, privileges and equal protection of the law secured to Plaintiff by the Constitution of the United States, within the meaning of Title 42 U.S.C. § 1985.

17

## FOURTH CAUSE OF ACTION
### (For Violation of 42 U.S.C. § 1986 by Defendants)

115.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "114" as if more fully set forth herein at length.

116.    The above actions and omissions of Defendants constitute violations of Title 42 U.S.C. § 1986.

117.    Defendants had knowledge that a conspiracy against Plaintiff within the meaning of 42 U.S.C. § 1986 was in progress and/or about to be carried out.

118.    Defendants had the power to prevent and/or aid in preventing such conspiracy from occurring and/or continuing, but Defendants neglected and/or refused to do so.

119.    With reasonable diligence, Defendants could have promptly reported the brutality and misconduct committed against Plaintiff to superior NYPD officers and/or to duly authorized investigators.

120.    Defendants' failure to promptly report and prevent the brutality and misconduct committed against Plaintiff contributed to Plaintiff's injuries being exacerbated by the denial of medical care to Plaintiff and contributed to Plaintiff's continued unlawful arrest, detention and confinement to a holding cell, causing Plaintiff further pain and suffering and further deprivation of Plaintiff's rights, privileges and freedoms.

121.    Had Defendants complied with the law, permitted Plaintiff to report the brutality and misconduct committed against him, and provided truthful information to superior NYPD officers and/or duly authorized investigators, the conspiracy against Plaintiff within the meaning

of 42 U.S.C. § 1985 would not have succeeded or been carried out to the extent that it was.

122.    As a direct and proximate result of Defendants' failure to promptly report and prevent the brutality and misconduct committed against Plaintiff, Plaintiff's injuries were exacerbated, and Plaintiff suffered further deprivation of his rights, privileges and freedoms.

**FIFTH CAUSE OF ACTION**<br>**(For Violation of the Fourth Amendment to the United States Constitution)**

123.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "122" as if more fully set forth herein at length.

124.    The above actions and omissions of Defendants constitute violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

125.    Defendant Fitzgibbon initiated contact with Plaintiff without any articulable reason permitted by the U.S. Constitution and/or federal law.

126.    Defendant Fitzgibbon used excessive force against Plaintiff, including slamming the driver's side door of Plaintiff's truck on Plaintiff's left leg, spraying Plaintiff directly in the face with mace and punching Plaintiff twice in the head and in Plaintiff's left arm, without any articulable reason permitted by the U.S. Constitution and/or federal law.

127.    Defendant Fitzgibbon pulled out his gun, pointed it directly at Plaintiff and threatened to "kill" Plaintiff and his passenger, Mr. Webber, without any articulable reason permitted by the U.S. Constitution and/or federal law.

128.    Defendant Fitzgibbon repeatedly used obscene language and racial slurs against Plaintiff and Plaintiff's passenger, including but not limited to shouting that he would "kill you

m*****f*****s" and "kill you n*****s", without any articulable reason permitted by the U.S. Constitution and/or federal law.

129.    The named and unidentified NYPD police officers described herein wrongfully and unlawfully detained, arrested and verbally and psychologically abused Plaintiff, and denied Plaintiff medical care, over the course of more than three (3) hours, without any articulable reason permitted by the U.S. Constitution and/or federal law.

130.    Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

131.    The above actions by Defendants constitute violations of Plaintiff's right to be secure against unlawful and unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution.

## SIXTH CAUSE OF ACTION
**(For Violation of the Fifth Amendment to the United States Constitution)**

132.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "131" as if more fully set forth herein at length.

133.    The above actions and omissions of Defendants constitute violations of Plaintiff's rights under the Fifth Amendment to the United States Constitution.

134.    At no point did any of the Defendants read Plaintiff his Miranda rights or inform Plaintiff in any manner whatsoever that Plaintiff had the right to an attorney or the right to remain silent.

135.    Despite the fact that Defendants failed to inform Plaintiff of his Miranda rights, Plaintiff did invoke his right to remain silent and his right to an attorney, saying to an unidentified NYPD police officer that he would not make a statement without an attorney present.

136.    After Plaintiff invoked his right to remain silent and to have an attorney present, Defendants subjected Plaintiff to continued and intensified deprivation of Plaintiff's rights, including but not limited to continued wrongful arrest, detainment and imprisonment, continued questioning and verbal abuse, and conducting a lineup that included Plaintiff, all without affording Plaintiff the opportunity to have an attorney present.

137.    Depriving a citizen of a right, in response to the citizen's invocation of another right, is a violation of that latter right.

138.    Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

139.    The above actions by Defendants constitute violations of Plaintiff's rights under the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution.

### SEVENTH CAUSE OF ACTION
**(For Violation of Article 1, Section 11 of the New York State Constitution)**

140.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "139" as if more fully set forth herein at length.

141.    The above actions and omissions of Defendants constitute violations of Plaintiff's rights under Article 1, Section 11 of the New York State Constitution.

142.   The New York State Constitution, similar to the United States Constitution, similarly guarantees to all citizens equal protection of the laws and prohibits discrimination in civil rights.

143.   Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

144.   The above actions by Defendants constitute violations of Plaintiff's rights under Article 1, Section 11 of the New York State Constitution.

## EIGHTH CAUSE OF ACTION
### (For Violation of Article 1, Section 12 of the New York State Constitution)

145.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "144" as if more fully set forth herein at length.

146.   The above actions and omissions of Defendants constitute violations of Plaintiff's rights under Article 1, Section 12 of the New York State Constitution.

147.   The New York State Constitution, similar to the United States Constitution, similarly guarantees to all citizens the right to be secure against unreasonable searches and seizures.

148.   Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

149.   The above actions by Defendants constitute violations of Plaintiff's rights under Article 1, Section 12 of the New York State Constitution.

## NINTH CAUSE OF ACTION
### (For Negligence and Gross Negligence)

150.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "149" as if more fully set forth herein at length.

151.   Defendant City of New York has been negligent and grossly negligent in the hiring, training and management of NYPD police officers, including but not limited to the named and unidentified NYPD police officers described herein.

152.   As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff suffered severe physical injuries resulting from brutality and excessive force by Defendant Fitzgibbon, an NYPD police officer, severe emotional distress, and exacerbation of said injuries and deprivation of Plaintiff's rights, privileges and freedoms as a result of the actions and omissions of other named and unidentified NYPD police officers.

## TENTH CAUSE OF ACTION
### (For Negligent and Intentional Infliction of Emotional Distress)

153.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "152" as if more fully set forth herein at length.

154.   The actions of Defendant Fitzgibbon, including but not limited to slamming the driver's side door of Plaintiff's truck on Plaintiff's left leg, spraying Plaintiff directly in the face with mace, punching Plaintiff twice in the head and in Plaintiff's left arm, pointed his gun directly at Plaintiff and threatening to "kill" Plaintiff and his passenger and repeatedly using obscene language and racial slurs against Plaintiff and his passenger, caused Plaintiff severe and continuing emotional distress and psychological trauma.

155.     Defendant Fitzgibbon committed the above actions against Plaintiff with the intention of causing Plaintiff emotional and psychological harm.

156.     Defendant City of New York has been negligent and grossly negligent in the hiring, training and management of NYPD police officers, including but not limited to the named and unidentified NYPD police officers described herein.

157.     As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff has suffered severe and continuing emotional distress and psychological trauma.

### ELEVENTH CAUSE OF ACTION
**(For Assault and Battery)**

158.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "157" as if more fully set forth herein at length.

159.     As set forth above, Defendant Fitzgibbon committed vicious and intentional acts against Plaintiff, including but not limited to slamming the driver's side door of Plaintiff's truck on Plaintiff's left leg, spraying Plaintiff directly in the face with mace, punching Plaintiff twice in the head and in Plaintiff's left arm, pointed his gun directly at Plaintiff and threatening to "kill" Plaintiff and his passenger and repeatedly using obscene language and racial slurs against Plaintiff and his passenger.

160.     Said actions by Defendant Fitzgibbon were totally unnecessary, unprovoked and excessive.

161.     Said actions by Defendant Fitzgibbon constitute assault and battery against Plaintiff.

162.     Said actions by Defendant Fitzgibbon caused Plaintiff severe physical injuries.

24

163. Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

164. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered severe physical injuries resulting from brutality and excessive force by Defendant Fitzgibbon, an NYPD police officer, severe emotional distress, and exacerbation of said injuries and deprivation of Plaintiff's rights, privileges and freedoms as a result of the actions and omissions of other named and unidentified NYPD police officers.

## TWELFTH CAUSE OF ACTION
### (For False Arrest and False Imprisonment)

165. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "164" as if more fully set forth herein at length.

166. As set forth above, Plaintiff was wrongfully, unlawfully and unjustifiably detained, arrested and imprisoned by Defendants.

167. Said actions and omissions by Defendants constitute false arrest and imprisonment.

168. Said false arrest and imprisonment by Defendants constituted unlawful deprivation of Plaintiff's rights, liberties and freedoms.

169. Said false arrest and imprisonment was carried out by Defendants without a warrant, probable cause or reasonable suspicion.

170. Said false arrest and imprisonment was carried out by Defendants through the use of excessive force and brutality.

171.     Throughout Plaintiff's false arrest and imprisonment, Plaintiff was subjected to verbal and psychological abuse by Defendants.

172.     Throughout Plaintiff's false arrest and imprisonment, Plaintiff was denied medical care for his physical injuries, thereby exacerbating said injuries.

173.     Throughout Plaintiff's false arrest and imprisonment, Plaintiff was denied his rights, including but not limited to his rights under the Fourth and Fifth Amendments to the U.S. Constitution, his Miranda rights and his rights under Article 1, Sections 11 and 12 of the New York State Constitution.

174.     At all times, Plaintiff's false arrest and imprisonment by Defendants was without a warrant, probable cause or reasonable suspicion.

175.     All of the foregoing occurred without any fault, wrongdoing or provocation whatsoever by Plaintiff.

176.     Defendant City of New York is responsible for the hiring, training and management of all NYPD police officers.

177.     As a direct and proximate result of the false arrest and imprisonment committed against Plaintiff by Defendants, Plaintiff suffered severe physical injuries resulting from brutality and excessive force by Defendant Fitzgibbon, an NYPD police officer, severe emotional distress, and exacerbation of said injuries and deprivation of Plaintiff's rights, privileges and freedoms as a result of the actions and omissions of other named and unidentified NYPD police officers.

## THIRTEENTH CAUSE OF ACTION
### (For Respondeat Superior)

178.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "177" as if more fully set forth herein at length.

179.     At all relevant times, Defendant Fitzgibbon and the other named and unidentified NYPD police officers described herein were acting for, upon and in furtherance of the business of their employer, Defendant City of New York and the NYPD, and within the scope of their employment.

180.     Consequently, Defendant City of New York is liable for the tortious actions of Defendant Fitzgibbon and the other named and unidentified NYPD police officers described herein, under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands the following relief jointly and severally as against all Defendants:

A.     Compensatory damages in an amount to be determined at trial but not less than $5,000,000.00 (FIVE MILLION DOLLARS);

B.     Punitive damages in an amount to be determined at trial but not less than $5,000,000.00 (FIVE MILLION DOLLARS);

C.     Disbursements, costs and attorneys' fees; and

D.     Such other, further and different relief as the Court deems just and proper.

Dated:  Garden City, New York
October 14, 2014

By: _____

David M. Schwartz (DS9776)
Gerstman, Schwartz & Malito, LLP
Attorneys for Plaintiff
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 880-8170
dschwartz@gerstmanschwartz.com

28

## VERIFICATION

STATE OF NEW YORK    )
                       )ss.:
COUNTY OF NASSAU    )

     Mark W. Fullerton, being duly sworn, deposes and says:

     I am the plaintiff in this action, and as such I am fully familiar with the facts of this matter. I have read the foregoing Verified Complaint and know the contents thereof to be true to my knowledge, based upon my own personal knowledge and experience in this matter, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                                  MARK W. FULLERTON

Sworn to before me this
14th day of October, 2014

_____
Notary Public

CUSTODIO HEATHER R
NOTARY PUBLIC, STATE OF NEW YORK
No. 01CU6267582 - QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 20, 16